**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHERRI LYNN GALATI,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CIVIL ACTION NO. 1:25-CV-00968<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is a report and recommendation filed by Magistrate Judge Martin C. Carlson recommending that the decision of the Commissioner of Social Security (hereinafter, "the Commissioner") denying Plaintiff Sherri Lynn Galati's ("Galati") claims for disability insurance benefits ("DIB") and supplementary security income under Title II and XVI of the Social Security Act be affirmed. (Doc. 18). On September 18, 2026, Galati filed a timely objection to the report and recommendation. (Doc. 19). Based on the Court's review of the relevant filings along with the report and recommendation, Galati's objection (Doc. 19) is **OVERRULED**, and the report and recommendation (Doc. 18) is **ADOPTED IN ITS ENTIRETY**.

## I. LEGAL STANDARD

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written

objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)).

## II. DISCUSSION

The necessary background for the purpose of the instant order is as follows. On May 9, 2022, Galati applied for DIB and supplemental security insurance benefits alleging she was fully disabled beginning on April 8, 2021. (Doc 10-5, at 5-17; Doc. 18, at 1). Galati alleges she suffers from depressive disorder, generalized anxiety disorder, high blood pressure, high cholesterol, migraines, IBS, acid reflux, and fibromyalgia. (Doc. 10-2, at 21-22; Doc. 13, at 1). The Social Security Administration (the "SSA") denied Galati's application for DIB and supplemental security insurance benefits on October 21, 2022, and denied Galati's application upon reconsideration on May 2, 2023. (Doc. 10-4, at 11, 21, 31, 34, 38).

Galati requested an administrative hearing regarding the SSA's denial of her application for benefits, and on March 19, 2024, Administrative Law Judge Jarrod Tranguch ("ALJ Tranguch") held a telephone hearing regarding Galati's DIB and supplemental security insurance benefit application. (Doc. 10-4, at 152, 162; Doc. 10-2, at 18). During the hearing,

Galati testified about her former and current work experience, the effects of her major depression and anxiety disorders on her activities of daily living, sleeping difficulties, therapist treatment, and medications. (Doc. 10-2, at 46-50, 53-54). A vocational expert also testified at the hearing, classifying Galati's past work and answering hypothetical questions about an individual with Galati's background and specific types of limitations. (Doc. 10-2, at 62-65).

Following the hearing, on June 24, 2024, ALJ Tranguch issued a decision denying Galati's application for benefits. (Doc. 10-2, at 30). In his decision, ALJ Tranguch sequentially determined whether Galati: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals a listed impairment; (4) is able to do his or her past relevant work; and (5) is able to do any other work, considering his or her age, education, work experience and residual functional capacity ("RFC"). (Doc. 10-2, at 19-20; Doc. 18, at 18); 20 C.F.R. § 404.1520(a)(4); § 416.920(a)(4). Between steps three and four of this sequential framework, ALJ Tranguch also determined Galati's RFC, which is defined as what an individual can still do despite the limitations caused by his or her impairment(s). (Doc. 10-2, at 19-20; Doc. 18, at 18); 20 C.F.R. § 404.1545(a).

In the decision, ALJ Tranguch first concluded that Galati meets the insured status requirement through December 31, 2028. (Doc. 18, at 9; Doc. 10-2, at 20). ALJ Tranguch found that Galati engaged in substantial gainful activity from July 2023 to the date of the decision, but that there was a continuous 12-month period during which Galati was not engaged in substantial gainful activity. (Doc. 10-2, at 20-21; Doc. 18, at 9). At the second step of the sequential analysis, ALJ Tranguch found that Galati experienced the following severe impairments: depressive disorder and generalized anxiety disorder. (Doc. 10-2, at 21; Doc. 18, at 9). ALJ Tranguch determined that Galati also had non-severe impairments, specifically

high blood pressure, high cholesterol, migraines, IBS, and acid reflux. (Doc. 10-2, at 21). At step three, ALJ Tranguch concluded that the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the disability listing impairments. (Doc. 10-2, at 22-24; Doc. 18, at 9-12).

Between steps three and four, ALJ Tranguch concluded that Galati retains the residual functional capacity ("RFC") to:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can perform jobs, that would take no more than 30 days of training to learn with a specific vocational preparation level of two (SVP 2), which are generally classified as unskilled. She can understand, remember and carry out simple instructions. She can perform simple, routine and repetitive tasks. Additionally, the claimant can perform jobs that would be considered "low stress" in that they would involve only occasional, simple decision making, and only occasional, gradual changes in the work duties and work setting.

(Doc. 10-2, at 24; Doc. 18, at 12).

In making the RFC determination, ALJ Tranguch considered Galati's reported, subjective symptoms, and found that "[Galati's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Doc. 10-2, at 25; Doc. 18, at 13). ALJ Tranguch then reviewed the treatment records, other medical evidence, and activity level that supported his RFC determination. (Doc. 10-2, at 25-28; Doc. 18, at 13).

ALJ Tranguch was partially persuaded by the state agency psychological consultant, Dr. Mancini, noting that the opinion was "supported by a detailed explanation by a specialist after review of the record" and "generally consistent with the treatment record." (Doc. 10-2, at 27). ALJ Tranguch did not find the social limitations to be supported by the treatment records or Galati's testimony. (Doc. 10-2, at 27). ALJ Tranguch found the opinion of Dr.

Martin, a state agency psychological consultant, persuasive which concluded that Galati was mildly impaired and opined that Galati could "perform simple, routine and repetitive tasks." (Doc. 10-2, at 27; Doc. 18, at 8). ALJ Tranguch found that Dr. Martin's opinion was "consistent with the treatment records which show fluctuating mood and affect and preoccupation at times but normal intellect and thought process with good insight and judgment." (Doc. 10-2, at 27).

ALJ Tranguch was not persuaded by the opinions of state agency medical consultants, Dr. Chung and Dr. Balogh, who, upon reconsideration, found that Galati was limited to a range of medium exertional work. (Doc. 10-2, at 27). ALJ Tranguch found that these opinions were not "supported by treatment records nor are they consistent with the objective findings within the records." (Doc. 10-2, at 27). Specifically, ALJ Tranguch found that Galati's "[t]reatment records are fairly benign in terms of the [Galati's] physical impairments and limitations." (Doc. 10-2, at 27). ALJ Tranguch was also not persuaded by Galati's therapist, Ms. Velez, who reported that "[Galati's] abilities to perform unskilled work were unlimited to seriously limited." (Doc. 10-2, at 27; Doc. 18, at 8-9). ALJ Tranguch found that these limitations were "fairly extreme" given Mr. Velez's records, which did not support these extensive limitations. (Doc. 10-2, at 27-28).

At the fourth step of the sequential analysis, ALJ Tranguch found that Galati cannot perform any of her past relevant work. (Doc. 10-2, at 28; Doc. 18, at 13). At step five, ALJ Tranguch found that Galati can perform other occupations that exist in significant numbers in the national economy. (Doc. 10-2, at 29; Doc. 18, at 13). ALJ Tranguch made this determination based on Galati's age, education, work experience, and residual functional capacity. (Doc. 10-2, at 29). Accordingly, ALJ Tranguch determined that Galati is not

disabled and does not meet the demanding showing necessary to sustain her claim for DIB and supplemental security insurance benefits. (Doc. 10-2, at 29; Doc. 18, at 13).

Galati initiated this action by filing a complaint on May 30, 2025. (Doc. 1). The complaint alleges that ALJ Tranguch erred in determining that Galati is not disabled under the Social Security Act and the Commissioner erred in denying Galati's application for DIB and supplemental security income benefits. (Doc. 1). On May 30, 2025, Galati filed a motion for leave to proceed *in forma pauperis*, which Judge Caraballo granted on June 5, 2025. (Doc. 2). The case was assigned to the undersigned and referred to Magistrate Judge Phillip J. Caraballo on August 13, 2025. On October 20, 2025, Galati filed a brief in support of her Social Security appeal, arguing that ALJ Tranguch erred in evaluating the severity of her symptoms and failed to provide a sufficient explanation for this evaluation. (Doc. 13; Doc. 18, at 13). On January 30, 2026, the Commissioner filed a brief in opposition. (Doc. 16). On February 12, 2026, Galati filed her reply. (Doc. 17). On July 29, 2026, the case was reassigned to Magistrate Judge Martin C. Carlson. On September 8, 2026, Judge Carlson entered the instant report and recommendation recommending that the Court affirm the findings of the Commissioner and deny Galati's appeal. (Doc. 18).

Judge Carlson reviewed ALJ Tranguch's five-step evaluation, which determined that Galati does not have a severe physical or mental impairment that precludes her from engaging in substantial gainful work that exists in the national economy. (Doc. 18, at 13). As Judge Carlson includes in his report and recommendation, a district court's review of an ALJ's determination of a claimant's disability status and RFC is deferential, and the determination will not be set aside if it is supported by substantial evidence. (Doc. 18, at 2-3); *Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019). Judge Carlson emphasized that, substantial evidence is

not a high threshold, it "means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (Doc. 18, at 3); *Biestek*, 587 U.S. at 103. Judge Carlson ultimately found that ALJ Tranguch's RFC determination for Galati is supported by substantial evidence. (Doc. 18, at 13). After reviewing the relevant filings, the Court finds no error in Judge Carlson's conclusions. The Court finds Judge Carlson's analysis well-reasoned and supported by the applicable law. (Doc. 18). Galati submits that Judge Carlson improperly found that ALJ Tranguch had considered Galati's subjective complaints in coming to his decision. (Doc. 19, at 1-2). Specifically, Galati contends that Judge Carlson improperly concluded that ALJ Tranguch appropriately considered Galati's medical and treatment records. (Doc. 19, at 1-2).

### A. ALJ Tranguch Properly Considered All Evidence Before him in Making the Final Determination

Galati argues that Judge Carlson improperly found ALJ Tranguch's decision to be supported by substantial evidence. (Doc. 19, at 1). Specifically, Galati objects to Judge Carlson's acceptance of ALJ Tranguch's analysis of Galati's medical records and symptoms. (Doc. 19, at 2). Galati further avers that Judge Carlson's conclusion that ALJ Tranguch's decision is supported by substantial evidence is the product of *post-hoc* rationalization. (Doc. 19, at 3).

In evaluating all the evidence before him, including evidence on non-severe impairments, an ALJ may weigh the credibility of the evidence, but they must give some indication of the evidence they reject and the reason(s) for discounting such evidence. *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000) (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)). While an ALJ must articulate how persuasive he finds medical opinions in an applicant's case record, the

ALJ is not required to articulate how each medical opinion was considered individually. (Doc. 18, at 16); *see* 20 C.F.R. § 404.1520c(b)(1); § 416.920c(b)(1). Substantial evidence is not a high threshold, it "means only. . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 587 U.S. at 103. In reviewing the Commissioner's final decision denying a claimant's application for benefits, the district court's review is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. (Doc. 18, at 14); 42 U.S.C. § 405(g); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." (Doc. 18, at 14); *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). While "the ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision," the court is not required "to read the ALJ's opinion in a vacuum." *Schuster v. Astrue*, 879 F. Supp. 2d 461, 466 (E.D. Pa. 2012); *Knox v. Astrue,* No. Civ.A.09–1075, 2010 WL 1212561, at *7 (W.D.Pa. May 26, 2010).

Here, ALJ Tranguch considered clinical findings, level of treatment, Galati's activity level, and testimony of record. (Doc. 10-2, at 23-25). ALJ Tranguch discussed Galati's testimony on her mental health, the changes she reported to her therapists, and her overall mental health treatment. (Doc. 10-2, at 24-26). Then, ALJ Tranguch considered and found Dr. Mancini's and Dr. Martin's finding that Galati could understand and follow simple instructions and could conduct simple, routine tasks persuasive. (Doc. 10-2, at 27). Next, ALJ Tranguch weighed the credibility of, but ultimately discounted Dr. Chung and Dr. Balogh's opinions as unpersuasive, reasoning that neither opinion was supported by Galati's treatment records, nor were they consistent with his own findings within the record. (Doc. 10-2, at 27);

*see Burnett*, 220 F.3d at 121 (citing *Plummer*, 186 F.3d at 429; *Cotter*, 642 F.2d at 705) (finding that an ALJ may weigh the credibility of the evidence, but they must give some indication of the evidence they reject and the reason(s) for discounting such evidence).

In the report and recommendation, Judge Carlson determined that the question is not whether Galati is disabled but whether the Commissioner's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. (Doc. 18, at 15). In evaluating Galati's alleged inadequacies in ALJ Tranguch's decision, Judge Carlson determined that ALJ Tranguch's analysis of Galati's symptoms followed the appropriate paradigm. (Doc. 18, at 27). Judge Carlson noted that the clinical treatment notes ALJ Tranguch reviewed did not describe a completely disabling degree of impairment and instead described "situational stressors." (Doc. 18, at 27-28). Judge Carlson concluded that ALJ Tranguch's decision cited to clinical evidence, medical opinions, and Galati's daily activities to find that Galati could meet the demands of the workplace environment. (Doc. 18, at 28). Accordingly, the Court affirms Judge Carlson's conclusion that substantial evidence supported ALJ Tranguch's evaluation of the case.[1] (Doc. 18, at 29-30).

[1] Galati agrees that the Court is not permitted to reweigh evidence, however Galati contends that this limitation is used to avoid judicial scrutiny of ALJ Tranguch's decision. (Doc. 19, at 3). As Judge Carlson points out, the Court is prohibited from re-weighing evidence and only looks toward the record to see if the ALJ's decision is supported by substantial evidence. (Doc. 18, at 29); *Zirnsak v. Colvin*, 777 F.3d 607, 610-11 (3d Cir. 2014) (citing *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) ("Courts are not permitted to re-weigh the evidence or impose their own factual determinations"). As such, Judge Carlson did not reweigh medical records, medical opinions, or treatment records in his review of ALJ Tranguch's decision and instead found that while the ALJ Tranguch's assessment is "imperfect" it complies with the standard under the law. (Doc. 18, at 16, 29).

## III. CONCLUSION

The Court agrees with the sound reasoning of the report and recommendation and discerns no error of law. Accordingly, it is hereby ordered that Judge Carlson's report and recommendation (Doc. 18) is **ADOPTED IN ITS ENTIRETY** as the opinion of the Court. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

An appropriate order follows.

**Dated: September 23, 2026**

/s/ Karoline Mehalchick
**KAROLINE MEHALCHICK**
**United States District Judge**